UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. JAVIER ABREGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-177 |
| ) | |
| SCHOOL CITY OF EAST CHICAGO, ) | |
| an Indiana Public School District, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Judgment on the Pleadings [DE 24] filed by the defendant, School City of East Chicago (hereinafter "School City"), on May 21, 2025. The plaintiff, Dr. Javier Abrego, filed his Response [DE 26] on June 11, 2025. Defendant filed its Reply [DE 27] on June 18, 2025. This matter is fully briefed and ripe for ruling. For the following reasons, the Motion [DE 24] is **DENIED.**

*Background*

Dr. Javier Abrego filed this action against the School City alleging violations of 42 U.S.C. § 1983, denial of due process pursuant to Indiana Code § 20-28-8-7, and breach of contract. The material facts are undisputed. The School City and Dr. Abrego entered into an employment contract on June 23, 2022. [DE 1]. Pursuant to Indiana Law, the School City and Dr. Abrego executed a Regular Teacher Contract and an Addendum to the Regular Teacher Contract: Superintendent's Contract of Employment (hereinafter collectively referred to as the "Contract"). [DE 1-1]. The Contract established Dr. Abrego would be employed as the School City superintendent for a term of three years, commencing July 1, 2022 and ending on June 30,

2025. *Id.* Absent mutual consent, Paragraph 15 of the Contract stated that Dr. Abrego could be terminated only for cause or for immorality, as outlined in Indiana Code § 20-28-5.

On July 3, 2023, the School City Board of Trustees held a public meeting. The termination of Dr. Abrego was not initially stated as an agenda item for the meeting. Two hours and third-seven minutes into the meeting, Trustee Hernandez-Orange made a motion to amend the meeting agenda to include Dr. Abrego's termination. The School Board then voted to terminate Dr. Abrego's contract "effective immediately," and an interim superintendent was appointed. [DE 26]. The interim superintendent took office effective the next day.

On July 11, 2022, the School City Attorney, Jewell Harris, Jr., sent Dr. Abrego a Notice of Termination of Contract. [DE 1-1, Ex. C]. The Notice stated that Dr. Abrego had thirty-days' notice of termination, beginning that day. The Notice also provided that "the basis for termination of the Contract, pursuant to Section 15(b)(i) and (ii), is for cause and due to immorality, misconduct in office, incompetency and/or willful neglect." *Id.* Dr. Abrego was paid during the thirty-day period.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment. [DE 19]. As a result, this court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

*Discussion*

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Rule 12(b)(6), which tests the sufficiency

2

of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Rule 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Rule 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013); *see Mitchell v. Ill. Dep't of Healthcare and Fam. Services, Div. of Child Support*, No. 25-1749, 2025 WL 2887023, at *1 (7th Cir. Oct. 10, 2025). Rule 8 "does not unlock the doors of discovery for a plaintiff with nothing more than conclusions." *Scott Troogstad, et al., Plaintiffs-Appellants, v. City of Chi., Defendant-Appellee*, No. 25-1575, 2025 WL 3524720, at *3 (7th Cir. Dec. 9, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v.*

3

*Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Id*. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see Brown v. JP Morgan Chase Bank*, No. 08-1890, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability); *see Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) ("'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully'") (quoting *Iqbal*, 556 U.S. at 678). The Supreme Court has suggested a two-step process when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79; *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, No. 3:09-CV-260, 2009 WL 1766686,

at *2 (N.D. Ind. June 19, 2009) (same); *Banks v. Montgomery*, No. 3:09-CV-23, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

*Discussion*

1. **The Regular Teacher Contract and Addendum to the Regular Teacher Contract executed between Dr. Abrego and the School City constitutes a binding contract for employment pursuant to Indiana law.**

Dr. Abrego does not dispute the existence of a contract. [*See* DE 26]. In fact, the contract is the mechanism by which Dr. Abrego asserts he had a property interest in continued employment. *Id.* A contract must have an offer, consideration, and mutual assent. *Ellison v. Town of Yorktown*, 47 N.E.3d 610, 617 (Ind. Ct. App. 2015). Here, the School City offered employment for a period of three years, unless otherwise terminated. [DE 1-1, Ex. B]. Dr. Abrego accepted that offer by signing the Regular Teacher Contract and the Addendum. *Id.* The salary was the consideration presented to Dr. Abrego, which he accepted by signing the contract and beginning performance by working for the School City.

While Dr. Abrego does not dispute the existence of the Regular Teacher Contract or its validity, he does argue that Paragraph 16 of Addendum is invalid and violates public policy. The court will address that argument below.

2. **Dr. Abrego has a viable due process claim under 42 U.S.C. § 1983 and IC § 20-28-8-7(2).**

The Fourteenth Amendment Due Process Clause provides that "[n]o State shall… derive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. To raise a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was a state actor or otherwise acted under color of law and deprived the plaintiff of a constitutional right. *L.P. v.*

*Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Constitution does not create property interests; property interests are created by rules or understandings evident from state law or other sources that secure benefits or support claims of entitlement to those benefits. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). A plaintiff must have a "legitimate claim of entitlement to" the property interest. *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 604-05 (7th Cir. 2022). A constitutionally protected property interest arises when the "government gives its employees assurances of continued employment." *Gorman v. Robinson*, 977 F.2d 350, 356-57 (7th Cir. 1992). The assurance of continued employment can rise from statutes, ordinances, regulations, or contracts. *Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 607-08 (7th Cir. 2014). An employee has a continued property interest in employment when it is conferred by the government or contract. *Reed v. Schultz*, 715 N.E.2d 896, 901 (Ind. Ct. App. 1999). "The sufficiency of the claim of entitlement must be determined by reference to state law." *Bishop v. Wood*, 426 U.S. 341, 344 (1976).

The applicable Indiana statute is Indiana Code § 20-28-8-7. The parties do not dispute that the applicable statute, which is replicated in the Addendum to Regular Teacher Contract, Paragraph 15, is valid. The statute provides that a superintendent may be terminated prior to the expiration of the contract for immorality, misconduct, incompetency, or willful neglect of duty. Ind. Code § 20-28-8-7. The School Board must provide the superintendent with proper notice and, if the superintendent requests a hearing, must grant the superintendent a hearing at an official governing body meeting. *Id.*

The parties disagree as to the language that constituted notice of termination to Dr. Abrego. In the School City's Motion [DE 25], it asserts that the Board voted to terminate Dr.

Abrego and that he received notice on July 11, 2023. In Dr. Abrego's Response [DE 26], he claims that the Notice stated the basis for termination as "for cause and due to immorality, misconduct in the office, incompetency, and/or willful neglect." [DE 1-1, Ex. C]. The School City cites to Paragraph 16 of the Addendum, which permits either party to terminate the contract with or without cause. Dr. Abrego claims that the language of the termination letter triggered his right to request a hearing and that Paragraph 16 is unenforceable. The specific clause at issue is Paragraph 16 of the Addendum. Paragraph 16 states:

> The parties also agree that this Contract may be terminated at any time by either Superintendent or the Board, with or without cause, by giving written notice of termination to the other party at least thirty (30) calendar days prior to the termination date.[1]

Because the termination notice cited to conduct that, under Indiana Code § 20-28-8-7(2) triggers a superintendent's right to request a hearing, Paragraph 16 does not apply. The relevant statute requires written notice prior to the termination of a superintendent, and if the superintendent requests a hearing 10 days prior to termination, the School Board must provide one. Ind. Code § 20-28-8-7(2). Here, taking Dr. Abrego's well-pled facts to be true, the School City board voted to terminate Dr. Abrego at the July 3rd meeting, "effective immediately," and appointed an interim superintendent. [DE 26]. The School City claims that the meeting "evidenced its intent to terminate the contract." [DE 27, p. 4]. However, the appointment of an interim superintendent and the reference to immoral conduct triggers § 20-28-8-7(2). Notably, the School City states that the "contract was terminated by mutual consent of the parties" in its Reply [DE 27, p. 4], which the court finds disingenuous. By the undisputed facts submitted by

---

[1] Docket Entry 1, Ex. B, ¶ 16.

*both* parties, the School City held a vote, and Dr. Abrego was terminated. Accordingly, the termination was not "mutual."

After the actions taken at the July 3rd meeting, the School City apparently became concerned about the legal consequences of that decision. Although the School City sent a thirty-day notice and now relies on Paragraph 16, the Notice clearly tracked the language of Paragraph 15. Both the debate at the board meeting and the belated thirty-day notice demonstrate that Dr. Abrego's termination was for cause and triggered his right to a hearing.

A breach of contract by a governmental employer does not give rise to a constitutional claim. *Reed*, 715 N.E.2d at 901 (citing *Sudeikis v. Chi. Transit Auth.*, 774 F.2d 766, 770 (7th Cir. 1985)). Courts must consider the nature of the interest to determine whether due process requirements apply. *Id.* Agreements between parties must be considered "in conjunction with applicable statutes that govern the relationship." *Id.* (citing *Lutz v. New Albany City Plan Comm'n*, 101 N.E.2d 187, 191 (Ind. 1951). Indiana Code § 20-28-8-7(2) specifically outlines the superintendent's right for proper notice and a hearing if requested. Protected property interests can arise from statute, ordinance, or contract. Here, both the applicable statute and the operative contract require a hearing. When "protected property interests are implicated, the right to some kind of prior hearing is paramount." *Reed*, 715 N.E.2d at 900 (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)).

*Conclusion*

Based on the foregoing reasons, the Motion for Judgment on the Pleadings [DE 24] is **DENIED.**

ENTERED this 15th day of December, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge